# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CARLA DENISE WARE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00191 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNKNOWN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Carla Denise Ware, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. The court filed the action on condition that plaintiff consent to payment of the filing fee and demonstrate exhaustion of administrative remedies. Upon review of the record, I find that while plaintiff has fulfilled these prefiling conditions, her lawsuit must be summarily dismissed without prejudice.

Plaintiff Carla Denise Ware is an inmate at a local jail. Her § 1983 complaint form does not identify any individual as a defendant, does not state any claim for relief or facts in support, and does not state what relief she seeks under § 1983, although the form instructs the litigant to provide all of this information.

Ware attaches to her Complaint two criminal complaint forms to be used in a Circuit Court or General District Court of the Commonwealth of Virginia.[1]

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

Even liberally construed, Ware's Complaint does not state any actionable § 1983 claim as defined in *West*. She does not state facts concerning how any individual defendant to the § 1983 civil action has acted or failed to act in violation of her constitutionally protected rights in any way. She also fails to state any form of relief she seeks to recover through a § 1983 civil action — monetary damages or declaratory, or injunctive relief.

---

[1] One criminal complaint form names "BRRJA" (perhaps referring to the Blue Ridge Regional Jail Authority) as the "ACCUSED." On this form, Ware alleges that after authorities apprehended her for failing to pay a taxi cab fare in June 2013, officers pepper sprayed her, "pounced on [her] like an animal," and threw her in a shower.

The second criminal complaint form names "Ferguson Gale and BRRJA" as the "ACCUSED." Ware again mentions pepper spray, but most of her allegations are illegible. Ware has not completed the section on the forms which asks her to state the type of the criminal offense that she believes the accused parties committed against her. A third sheet attached to the Complaint appears to be a numbered list of jail disciplinary offenses.

Ware apparently wishes to bring state criminal charges against the jail and one of its officers, as identified on the criminal complaint forms, for the pepper spray incidents described on the forms. This *federal* district court, however, is not the proper forum in which to bring criminal complaints under Virginia law against anyone. Moreover, Ware has no right to have anyone criminally charged, as it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (internal quotations and citation omitted).

For the stated reasons, I will summarily dismiss Ware's Complaint without prejudice under § 1915A(b)(1) for failure to state a claim on which relief can be granted under § 1983.

A separate Final Order will be entered herewith.

DATED: May 22, 2014

/s/ James P. Jones
United States District Judge